# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLINE BRODIE, ANGELA HUNTER, and ACCESS NOW, INC., individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:17-cv-00133-MRH-RCM ) |
| SPEEDWAY LLC, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

ROBERT C. MITCHELL, United States Magistrate Judge

Presently pending before the court is Defendant Speedway LLC's Motion for Reassignment [ECF No. 6]. After a review of the accompanying Memorandum of Law, Plaintiff's Response in Opposition and Defendant's Reply, the Motion will be denied.

Plaintiffs Caroline Brodie, Angela Hunter, and Access Now, Inc. ("Plaintiffs") filed this action, individually and on behalf of all others similarly situated, against Speedway on January 27, 2017, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., (the "ADA"). Specifically, Plaintiffs' challenge Defendant's corporate policies and practices, which they contend result in accessibility barriers at Defendant's parking facilities in violation of the ADA. On February 22, 2017, Defendant filed a Motion to Reassign, asking that the case be reassigned to the Honorable Joy Flowers Conti, Chief Judge of the United States District Court for the Western District of Pennsylvania. Defendants contend this case is related to a previous matter over which Chief Judge Conti presided in 2015, *Snyder v. Speedway, LLC*,

1

No. 15-cv-77. One of the same properties and alleged violations in the above-encaptioned matter were the subject of the *Snyder* case, involving some but not all of the same issues of fact.

As we recently noted in *Badger et al. v. Advance Stores Co., Inc. d/b/a Advance Auto Parts,* No. 16-cv-1872, 2017 WL 782925 (W.D. Pa. March 1, 2017), the relatedness inquiry does not focus solely on overlapping property and factual issues, but also looks to whether a related assignment promotes just and efficient conduct of the action. Rule 40(E)(2) explicitly states that the Judge who is assigned the later-filed case(s) may transfer it if "the cases are related or the transfer would promote the convenience of the parties or witnesses or the just and efficient conduct of the action." Conversely, the Court may refuse to transfer a case to another judge where it determines that it "would not promote the just and efficient conduct of [the] action."

*Snyder* was resolved without any dispositive motions with minimal court involvement, and Chief Judge Conti currently has no similar cases pending before her. This member of the Court has numerous similar cases pending. Moreover, *Snyder* involved architectural barriers themselves, while this case, in contrast, focuses on Defendant's policies and practices which Plaintiffs contend result in architectural barriers. Convenience and efficiency would therefore not be promoted by reassigning this case to Chief Judge Conti. Additionally, on March 16, 2017, defendant filed a district judge option and the matter has been assigned to Hon. Mark R. Hornak.

AND NOW, this 22nd day of March, 2017, IT IS HEREBY ORDERED THAT the Motion for Reassignment [ECF No. 6] is DENIED.

/s/ Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge