**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CAROLINE BRODIE, ANGELA HUNTER, and ACCESS NOW, INC., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:17-cv-00133-MRH-RCM |
| SPEEDWAY LLC, | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

ROBERT C. MITCHELL, United States Magistrate Judge

## I. RECOMMENDATION

Presently pending before the court is Defendant Speedway LLC's Motion to Dismiss (ECF No. 3). For the reasons stated herein, it is respectfully recommended that the motion be denied.

## II. REPORT

### A. Factual Allegations and Procedural History

On January 27, 2017 plaintiffs Caroline Brodie, Angela Hunter, and Access Now, Inc. ("Plaintiffs") filed a class action complaint ("CAC"), individually and on behalf of all others similarly situated, against Speedway, LLC ("Speedway"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., (the "ADA"). Specifically, Plaintiffs' challenge Speedway's corporate policies and practices, which they contend result in accessibility barriers at its parking facilities in violation of the ADA.

Speedway is a wholly owned subsidiary of Marathon Petroleum

1

Company and is headquartered at 500 Speedway Drive, Enon, Ohio 45323. (CAC ¶ 27).

Defendant operates gas stations and convenience stores, and therefore is a public accommodation

pursuant to 42 U.S.C. §12181(7). (CAC ¶ 28).

Plaintiff Brodie is a resident of the Commonwealth of Pennsylvania who has a mobility

disability and is limited in the major life activity of walking, causing her to be dependent upon a

wheelchair for mobility. (CAC ¶ 22). She has visited Defendant's property at 4380 Old William

Penn Highway, Monroeville, PA ("Subject Property I"). During this visit, she experienced

unnecessary difficulty and risk due to excessive slopes in Defendant's parking facility. (CAC ¶

29). Plaintiff Brodie frequently travels to the Pittsburgh area and has visited Subject Property I

on multiple occasions. Plaintiff Brodie intends to return to Subject Property I on her future trips

to the Pittsburgh area. (CAC ¶ 32).

Plaintiff Hunter is a resident of the State of Ohio who has a mobility disability and is

limited in the major life activity of walking, causing her to be dependent upon a wheelchair for

mobility. (CAC ¶ 23). She has visited Defendant's property at 22251 Euclid Avenue, Euclid,

Ohio ("Subject Property II"). During this visit, she too experienced unnecessary difficulty and

risk due to the excessive slopes in Defendant's parking facility. (CAC ¶ 30). Plaintiff Hunter

visits Subject Property II multiple times a year when she travels to the Cleveland area to visit

family and friends. Plaintiff Hunter intends to return to Subject Property II. (CAC ¶ 33).

Furthermore, Plaintiffs intend to return to Defendant's facilities to ascertain whether those

facilities remain in violation of the ADA. (CAC ¶ 34).

Plaintiff Access Now, Inc. ("ANI") is a civil rights organization whose members,

including Plaintiff Brodie and Hunter, have various disabilities, including mobility disabilities.

CAC at ¶ 3. ANI is a non-profit organization that provides advocacy services on behalf of

individuals with disabilities who are members of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq. (CAC ¶ 24).

On Plaintiffs' behalf, investigators examined these locations and at least fifteen other properties located across Pennsylvania, Ohio, and New Jersey. (CAC ¶ 33). These investigations allegedly revealed rampant and widespread ADA violations in the parking facilities of Defendant's properties, which Plaintiffs aver are symptomatic of a substandard ADA compliance program. (CAC ¶ 41).

Plaintiffs frequently travel throughout the regions in which the Subject Properties are located. They have been to the Subject Properties in the past and intend to return to them in the future as bona fide customers and in order to ascertain whether their facilities remain in violation of the ADA. This is true even though the existing architectural barriers deter them from doing so. (CAC ¶¶ 32-24). Plaintiff also bring this action on behalf of all others similarly situated pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. (CAC ¶¶ 49-54). In their CAC Plaintiffs allege "Defendant's centralized design, construction, alteration, maintenance and operational policies and practices have systematically and routinely violated the ADA by designing, constructing and altering facilities so that they are not readily accessible and usable, by failing to remove architectural barriers, and by failing to maintain and operate facilities so that the accessible features of Defendant's facilities are maintained[,]" in violation of § 12183(a)(1) and the appropriate regulations. (CAC ¶ 40). Plaintiffs further assert these violations will deter them and similarly situated individuals from returning to Defendant's facilities and that absent injunctive relief they will be unable to fully access Defendant's facilities in violation of their rights under the ADA. (CAC ¶¶ 55-68). They seek a declaratory judgment that Speedway is in

violation of the specific requirements of Title III of the ADA and its implementing regulations, a permanent injunction directing Speedway to take all steps necessary to remove the architectural barriers and bring its facilities into ADA compliance, and an order certifying the class they propose and naming them as class representatives and appointing their counsel as class counsel, payment of costs of suit, payment of reasonable attorney's fees, and any other relief the Court deems just, equitable, and appropriate. (CAC ¶¶ 9, 49-54).

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

**B. Standard of Review**

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the Plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *see also Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The Court emphasized that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In the subsequent case of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court enunciated two fundamental principles applicable to a court's review of a motion to dismiss for failure to state a claim. First, it noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and

generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Id.* at 679-80. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. The task of determining whether a complaint states a plausible claim for relief is "context-specific," and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* The Supreme Court explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 678 (citing *Twombly*, 550 U.S. at 556–57); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (adopting *Iqbal*'s standards).

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). We must provide Plaintiffs with this opportunity even if they do not seek leave to amend. *Id.*

With this standard of review in mind, we now turn to whether the Plaintiffs have stated a claim.

### C. Discussion

First, Speedway argues that Plaintiffs lack standing as to the locations they have not visited. Speedway next argues that the CAC's class allegations are legally deficient as to the requirements of commonality, adequacy of representation, and typicality. Last, Speedway argues that because Plaintiffs lack individual standing as to the locations they have not visited, so does ANI.

Speedway argues that Plaintiffs have not pled facts sufficient to establish standing[1] to pursue claims on a class-wide basis involving locations that they have not visited and for which they do not allege an intent to visit. Speedway requests that paragraphs 41(b) and 41(d)-(q) of the CAC (the class allegations relating to fifteen locations visited by investigators, not the two visited by Plaintiffs) be stricken, and that all class allegations be dismissed with prejudice.

Speedway relies largely on non-binding precedent from other district courts. It also conveniently ignores the fact that this Court has previously rejected Speedway's argument, holding that the dismissal of class allegations identical to those presented here was not warranted at the pleading stage. *Heinzl v. Cracker Barrel Old Country Store, Inc.*, 2:14-cv-1455, 2015 WL 1925811 (W.D. Pa. Apr. 24, 2015). In declining the invitation to dismiss the plaintiff's class action allegations the Court noted as follows:

> …Plaintiff has not filed a motion for class certification, little if any class discovery has been conducted and in the Court's estimation, there has not been the necessary record development as to this issue. Finally, the Court would note that it believes that it is appropriate to follow the prevailing approach of our sister courts in this Circuit, and strike all class allegations at the preemptive stage in only the "rare" case.

*Id.* at *4; *Castaneda v. Burger King Corp.*, 597 F. Supp.2d 1035, 1043 (N.D. Cal. 2009) ("It is true that the pleadings do not pinpoint the exact common policy or design features allegedly giving rise to violations . . . but courts do not apply a heightened pleading standard to ADA claims. . . . Indeed, few decisions have been found denying a plaintiff who alleges such a common policy or practice the opportunity to engage in discovery in order to prove his or her

---

[1] To establish standing, plaintiffs must prove the following three elements:

(1) [they have] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Anderson v. Kohl's Corp.*, C.A. 12-cv-2002, 2013 WL 1874812 at *3 (W.D. Pa. 2013)(brackets added) (*citing Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 18081 (2000)).

claim."); *see also Swank v. Wal- Mart Stores, Inc.*, No. 13-cv-01185, 2015 WL 1508403 (W.D. Pa. Mar. 31, 2015) (Hornak, J.) ("[I]t is only when no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23, that a motion to strike class allegations should be granted. In other words, if it is possible that discovery could possibly demonstrate the viability of the class, a defendant's motion to strike class allegations should be denied."). Other courts have so ruled. *See Jones v. Diamond*, 519 F.2d 1090, 1098 (5th Cir. 1975) (stating that courts "should be loath to deny the justiciability of class actions without the benefit of the fullest possible factual background"); *Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 22 (2d Cir. 2003) (holding that district court acted prematurely by deciding, before motion for class certification and without any discovery, that requirements of Rule 23(b)(3) could not be met).

This is not a motion for class certification. Plaintiffs have alleged sufficient facts to state a claim to relief that is plausible on its face: that Speedway's centralized ADA accessibility policies are ineffective, and that these policies have allowed, and will allow, architectural barriers to develop and persist at Speedway's stores, and deter others similarly situated from returning. (CAC ¶¶ 5-7, 40, 41, 46). Plaintiffs have adequately established standing as to the location they visited, triggering ANI's standing as well, and Rule 23 will come into play thereafter. *See Badger v. PREIT Associates, LP*, 2017 WL 663570, at *7 (W.D. Pa. Jan. 3, 2017); *Heinzl v. Starbucks Corp.*, 2015 WL 1021125, at *8 (W.D. Pa. Mar. 9, 2015); *Cracker Barrel*, 2015 WL 1925811, at *10-11; *Heinzl v. Quality Foods Corp.*, 2014 WL 6453894, at *8 (W.D. Pa. Nov. 17, 2014); *Heinzl v. Boston Mkt. Corp.*, 2014 WL 5803144, at *8 (W.D. Pa. Nov.7, 2014); *see also Mielo v. Aurora Huts, LLC*, 2015 WL 106631, at *5-6 (W.D. Pa. Jan.7, 2015); *Mielo v. Giant Eagle, Inc.*, 2014 WL 6850767, at *5 (W.D. Pa. Dec. 3, 2014). Plaintiffs are

entitled to proceed to conduct discovery and to develop a record. As pled, whether Speedway's alleged centralized policies are ineffective and discriminatory would be common to all class members. Similarly, Plaintiff's challenge to this policy and the policy's effect on accessibility at all of Speedway's stores is typical of, and to, all class members. Finally, Speedway's application of its centralized policies and its failure to implement effective accessibility policies is generally applicable to all class members—a single injunction against Speedway's policy would remediate barriers the policy already has caused and prevent barriers from recurring as a result of the policy's current ineffectiveness. Accordingly, the pleadings do not demonstrate that Rule 23 cannot be met, but rather show class certification may be appropriate if discovery confirms Plaintiff's class allegations.

### D. Conclusion

For the reasons stated herein, it is respectfully recommended that Defendant's Motion to Dismiss (ECF No. 3) be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed. R. Civ. P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Date: April 7, 2017

s/Robert C. Mitchell<br>
ROBERT C. MITCHELL<br>
United States Magistrate Judge

cc: record counsel
Hon. Mark R. Hornak